## TYNDALL v. VAN AUKEN'S ESTATE.

(Supreme Court, Appellate Division, Second Department. June 23, 1905.)

1. ESTATES OF DECEDENTS—CLAIM FOR BOARD—INTEREST.

   Where a claim against the estate of decedent for his board was allowed, interest should have been computed only from the date of the presentation of the claim.

   [Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, §§ 1032–1043.]

2. SAME—EVIDENCE—COMPETENCY.

   On a claim against the estate of a decedent for his board, evidence as to payments out of the estate of claims against it by persons other than the claimant for board furnished to the decedent was incompetent.

Appeal from Special Term, Westchester County.

Claim by Charles H. Tyndall against the estate of Alanson Van Auken, deceased. From a judgment in favor of claimant, Edward L. Van Auken, one of the executors, appeals. Modified and affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and MILLER, JJ.

Samuel F. Swinburne, for appellant.
Joseph S. Wood, for respondent.

PER CURIAM. This was a claim by a son-in-law for board furnished to his aged father-in-law during the last years of his life. It was referred to a referee under the provisions of section 2718 of the Code of Civil Procedure, and the hearing resulted in a judgment in favor of the claimant for the full amount of his demand, $745.28, with interest from the 13th day of June, 1901, when the last board was furnished.

The judgment is somewhat unusual in form—being against "the estate of Alanson Van Auken, deceased," instead of against his personal representatives by name and as such—but no point is made of this irregularity. The allowance of interest is plainly too large. It should have been computed only from the date of the presentation of the claim. The case does not disclose the actual date of presentation, but shows the claim to have been rejected on September 8, 1903. Interest therefore can be allowed only from that day, and the judgment must be modified accordingly.

The appellant has failed to convince us, however, that he is entitled to a reversal, although he points out unquestionable error in two rulings of the referee admitting evidence of the payment out of the estate of Alanson Van Auken of claims against it by persons other than the respondent for board furnished to the decedent. The fact that such claims had been paid by the executors had no relevancy whatever to the issues here, but we are satisfied that the erroneous reception of this testimony can have done no harm; there being ample competent proof in the record to sustain the judgment.

Judgment modified so as to award interest on the claim only from September 8, 1903, instead of from June 13, 1901, and, as thus modified, affirmed, without costs of this appeal.